**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | | |
|---|---|---|
| STARLA HAMILTON and | ) | |
| SAVANNAH-CHATHAM COUNTY | ) | |
| FAIR HOUSING COUNCIL, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No: CV415-012 |
| | ) | |
| KAREN LANIER, | ) | |
| Individually, and as Executor of the | ) | |
| Estate of Nathaniel "Jack" Lanier, Jr. | ) | |
| | ) | |
| Defendants. | ) | |

<u>**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF ADDITIONAL
WITNESSES AND INTENT TO EXCLUDE DEFENDANTS' WITNESSES
PURSUANT TO MINUTE ORDER**</u>

COMES NOW, Karen Lanier, Individually and as Executor of the Estate of Nathaniel "Jack" Lanier, Jr., and pursuant to the Court's Minute Order dated March 9, 2020 (ECF 59) responds to the Plaintiffs' Notice of Additional Witnesses and Intent to Exclude Defendants' Witnesses and shows as follows:

I.      **Plaintiffs' Additional Witness**

Plaintiffs identify Brittany Brown as an additional witness.  Brittany Brown was omitted from the Consolidated Pretrial Order.  Defendants' counsel was advised of this omission by one of the attorneys for the Plaintiffs.  Defendants do not object to Brittany Brown being added as a witness for the Plaintiffs by amendment to the Consolidated Pretrial Order.

II.    **Defendants' witnesses Dr. Daniel Grant, Dr. Osabuohien Usifo, Dr. Susan Fetter and Robert R. Cook**

Plaintiffs seek to exclude as witnesses in this case Dr. Daniel Grant, Dr. Osabuohien Usifo, Dr. Susan Fetter and Robert R. Cook.

Counsel for the parties have discussed this issue. Dr. Osabuohien Usifo, Dr. Susan Fetter and Robert R. Cook will not appear to testify at the trial of the case.

Dr. Daniel Grant performed a mental evaluation of Jack Lanier after the case was initially brought against Nathaniel "Jack" Lanier, Jr. and Karen Lanier. For this reason he was not identified in Defendants' Initial Disclosures. This evaluation was by appointment of the Probate Court of Bryan County, Georgia. A copy of Dr. Daniel Grant's evaluation of Jack Lanier was provided to Plaintiffs' counsel. The Probate Court appointed conservators for Jack Lanier. The conservators were Karen Lanier and Nathaniel Lanier, III.

Dr. Osabuohien Usifo was Jack Lanier's physician for many years. This physician works with the Department of Veterans Affairs. Susan Fetter is a physician assistant – certified with the Department of Veterans Affairs. Both evaluated and treated Nathaniel "Jack" Lanier, Jr. during his lifetime for problems for confusion and poor memory, as well as for other medical issues. Jack Lanier was diagnosed as having dementia and probable Alzheimer's with behavioral disturbances by a neuropsychologist on August 22, 2011, prior to the circumstances which are described in the Complaint. Jack Lanier continued treatment during his lifetime due to the progression of this illness.

The certified copy of Nathaniel "Jack" Lanier, Jr.'s medical records from Ralph H. Johnson VA Medical Center is included in Defendants' exhibits (Exhibit 34). Also included is Dr. Daniel Grant's report, (Exhibit 33). There is documentation containing the opinions of

Susan Fetter and Dr. Osabuohien Usifo in the certified medical records from Ralph H. Johnson VA Medical Center. Defendants intend to introduce both Exhibits 33 and 34 at the trial.

Evidence and testimony concerning Jack Lanier's dementia should be allowed for the jury's consideration at trial. The evidence and testimony should be considered by the jury on the issue of whether or not the Plaintiffs can prove willful and wonton misconduct by Jack Lanier to meet the standard required for an award of punitive damages. Further, the issue of whether or not Jack Lanier and Karen Lanier agreed to act in partnership with one another for the rental of properties will require the jury's consideration of Jack Lanier's mental capacity. Karen Lanier's actions in filing the dispossessory, as well as, assisting her husband in the "paperwork" for the rental of the properties is explained by her understanding of his condition.

Dr. Daniel Grant was identified in and prior to the submission of the Consolidated Pretrial Order. His testimony is relevant to the above issues. Dr. Daniel Grant should be allowed to testify at trial as a witness for the Defendants in this case.

Respectfully submitted this 20th day of March, 2020.

**BARROW & BALLEW, P.C.**

*/s/ Walter W. Ballew, III*
Walter W. Ballew, III
Georgia Bar No.: 035825
Counsel for Defendant

P.O. Box 8186
Savannah, Georgia 31412
(912) 233-9433 (T)
(912) 236-7850 (F)
WBallew@barrowandballew.com

## CERTIFICATE OF SERVICE

This is to certify that I have this date served all counsel with a copy of the foregoing

*Application for Leave of Absence* by email to:

Christopher Brancart, Esq. (cbrancart@brancart.com)
Liza Cristol-Deman, Esq. (lcristoldeman@brancart.com)
BRANCART & BRANCART
P.O. Box 686
Pescadero, California  94060

S. Wesley Woolf, Esq. (woolf@woolflawfirm.net)
S. WESLEY WOOLF, P.C.
408 East Bay Street
Savannah, Georgia  31401

This 20th day of March, 2020.

**BARROW & BALLEW, P.C.**


*/s/ Walter W. Ballew, III*
WALTER W. BALLEW, III
Georgia Bar Number: 035825
Attorney for Defendant

P.O. Box 8186
Savannah, Georgia 31412
(912) 233-9433 (T)
(912) 236-7850 (F)
WBallew@barrowandballew.com