IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

STARLA HAMILTON and SAVANNAH-      )
CHATHAM COUNTY FAIR HOUSING        )
COUNCIL, INC.,                     )
                                   )
     Plaintiffs,                   )
                                   )
v.                                 )   CASE NO. CV415-012
                                   )
KAREN LANIER, Individually and     )
as Executor of the Estate of       )
Nathanial "Jack" Lanier, Jr.,      )
                                   )
     Defendants.                   )
                                   )

## ORDER

Before the Court are Plaintiffs' Motion in Limine to Exclude Evidence of Criminal Records (Doc. 66) and Plaintiffs' Motion in Limine to Exclude Evidence of Deceased Defendant Jack Lanier's Medical or Mental Condition (Doc. 67). Defendants have opposed both motions (Doc. 68; Doc. 70). For the following reasons, Plaintiffs' motions (Doc. 66; Doc. 67) are **DENIED**.

I.   STANDARD OF REVIEW

"The real purpose of a Motion In Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial." Stewart v. Hooters of Am., Inc., No. 8:04-CV-40-T17-MAP, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007). "The court excludes evidence on a Motion In Limine only if

the evidence is clearly inadmissible for any purpose." Id. "Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." Id. (citation and emphasis omitted).

II. MOTION IN LIMINE TO EXCLUDE EVIDENCE OF CRIMINAL RECORDS

In their motion, Plaintiffs request that the Court exclude all evidence of, or reference to, the criminal records of Plaintiff Starla Hamilton.[1] (Doc. 66 at 1.) Specifically, Plaintiffs request that the Court exclude evidence regarding Plaintiff Hamilton's 2008 felony convictions of conspiracy to commit armed robbery and making false statements in writing. (Id. at 2-3.) Plaintiffs assert that these convictions are inadmissible as impeachment evidence under Federal Rule of Evidence 609.

Federal Rule of Evidence 609 requires the admission of prior crimes of a witness who is not a defendant, if punishable by death or for imprisonment for more than one year, to attack a witness's character for truthfulness. Fed. R. Evid. 609(a). If the crime was

---

[1] Plaintiffs also request that the Court exclude evidence of, or reference to, the criminal convictions of Plaintiff Hamilton's former fiancée and co-tenant, Courtney "Robert" Carter. (Doc. 66 at 1.) Defendants do not address this request in their response to Plaintiffs' motion. (Doc. 68.) Without any specific argument from Defendants or the context of trial, the Court is unable to fully determine whether Defendants will be permitted to reference Mr. Carter's convictions. Accordingly, the Court defers ruling on the admissibility of Mr. Carter's convictions.

2

not punishable by death or by imprisonment for more than one year, it may be admitted "if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Id. However, for crimes where "more than 10 years have passed since the witness's conviction or release from confinement," the conviction is admissible only if:

> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>
> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609(b).

In this case, Plaintiff Hamilton has two felony convictions: (1) conspiracy to commit armed robbery; and (2) making false statements in writing. (Doc. 66 at 3; Doc. 68, Attach. 1 at 9.) Plaintiff Hamilton pled guilty to these convictions in the Superior Court of Chatham County, Georgia on November 13, 2008 and was released from confinement on the same day. (Doc. 68, Attach. 1 at 9.) Plaintiffs do not contest whether these convictions meet the requirements of Rule 609(a). Rather, Plaintiffs argue that the convictions are inadmissible under Rule 609(b) because Plaintiff Hamilton's confinement ended more than ten years ago and the

probative value of the convictions does not outweigh their prejudicial effect.[2] (Doc. 66 at 5-8.)

In this case, Plaintiff Hamilton's truthfulness and credibility are directly at issue. Notably, Mr. Lanier cannot testify on his own behalf, and, therefore, Plaintiff Hamilton is the only party available to testify as to what happened between her and Mr. Lanier. Although more than ten years has elapsed from the date of Plaintiff Hamilton's release from confinement, the Court finds her conviction for making false statements is likely to be highly probative of her truthfulness. See Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC, 932 F.3d 1303, 1320 n.14 (11th Cir. 2019) ("The district court properly permitted the defendants significant cross-examination regarding [the witness's] perjury convictions, as allowed by Federal Rule of Evidence 609(b) where the witness was convicted and released from confinement more than 10 years earlier.").

In addition, Plaintiff Hamilton's conviction for conspiracy to commit armed robbery is necessary to give context to her conviction for making false statements. Plaintiff Hamilton made

---

[2] Defendants argue that Plaintiff Hamilton's release from confinement occurred less than 10 years ago because Plaintiff Hamilton had her probation revoked on June 17, 2013 and, as a result, served three months in jail. (Doc. 68 at 5.) Because this Court finds these convictions to be admissible pursuant to Rule 609(b), the Court does not address Defendants' alternative argument that a probation revocation serves to restart the calculation of time.

4

false statements about her involvement in the conspiracy. The Court notes, however, that the scope of Plaintiff Hamilton's conspiracy conviction may be limited at trial.

Finally, Plaintiff Hamilton's prior convictions have little similarity to her current claims pursuant to the Fair Housing Act. This distinction lowers "the risk of the jury using the evidence for something other than impeachment." Narkiewicz-Laine v. Doyle, 930 F.3d 897, 902 (7th Cir. 2019). It is the Court's opinion, therefore, that Plaintiff Hamilton's prior convictions are admissible because their probative value substantially outweighs their prejudicial effect. As a result, Plaintiffs' motion in limine to exclude evidence of Plaintiff Hamilton's prior convictions (Doc. 66) is **DENIED**.

III. MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DECEASED DEFENDANT JACK LANIER'S MEDICAL OR MENTAL CONDITION

In their second motion in limine, Plaintiffs seek to exclude Defendants' evidence regarding Mr. Lanier's mental condition. (Doc. 67.) According to Defendants' response, Defendants seek to introduce as evidence a certified copy of the Department of Veterans Affairs medical records for Mr. Lanier. (Doc. 70 at 4.) This proposed evidence includes statements from several medical professionals who treated Mr. Lanier and claim that Mr. Lanier suffered from dementia, probable Alzheimer's disease, and strange behavior. (Id. at 4-5.) In addition, Defendants intend introduce

Dr. Daniel Grant's report regarding the appointment of conservators and guardians for Mr. Lanier. (Id. at 6.)

Plaintiffs contend that evidence of Mr. Lanier's medical or mental condition is not relevant to any of the facts or issues in this case. (Doc. 67.) In addition, Plaintiffs argue that even if the evidence is relevant, it will cause unfair prejudice if the jury becomes sympathetic to Defendant Karen Lanier because her husband had dementia.[3] (Id. at 13.) In response, Defendants argue that Mr. Lanier's mental condition is directly relevant to Plaintiffs' allegations that he made inappropriate comments to Plaintiff Hamilton. (Doc. 70 at 7.)

For evidence to be relevant, it must "hav[e] any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. While relevant evidence is generally admissible, the "evidence may be excluded if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues,

---

[3] Plaintiffs also argue that Dr. Daniel Grant's testimony should be excluded because Defendants failed to disclose him as a witness prior to the close of discovery. (Doc. 67 at 1.) Plaintiffs, however, do not provide any support for this argument. Accordingly, Plaintiffs' motion is **DENIED** to the extent it requests that Dr. Grant's testimony be excluded. Plaintiffs may, however, raise this objection again at trial.

6

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

After careful review, this Court finds that Defendants will be permitted to admit evidence of Mr. Lanier's mental and medical condition at trial. Plaintiffs' claims are based primarily on Mr. Lanier's behavior towards Plaintiff Hamilton. Defendants have established that evidence of Mr. Lanier's mental condition is directly related to his alleged inappropriate behavior. Although the Court is aware of the potential prejudicial effect that can be caused by this evidence, the Court finds that this potential prejudice does not substantially outweigh the probative value of the evidence. Accordingly, Plaintiffs' motion (Doc. 67) is **DENIED**.

SO ORDERED this 8th day of May 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA