IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

STARLA HAMILTON and SAVANNAH-  )
CHATHAM COUNTY FAIR HOUSING    )
COUNCIL, INC.,                 )
                               )
    Plaintiffs,                )
                               )
v.                             )    CASE NO. CV415-012
                               )
KAREN LANIER, Individually and )
as Executor of the Estate of   )
Nathanial "Jack" Lanier, Jr.,  )
                               )
    Defendants.                )
                               )

## ORDER

Before the Court is Defendants' Motion in Limine. (Doc. 65.) In their motion, Defendants request that the Court exclude "me too" evidence and a variety of proposed exhibits. Plaintiffs have filed a response in opposition. (Doc. 69.) For the following reasons, Defendants' motion is **DENIED**.

I.   STANDARD OF REVIEW

"The real purpose of a Motion In Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial." Stewart v. Hooters of Am., Inc., No. 8:04-CV-40-T17-MAP, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007). "The court excludes evidence on a Motion In Limine only if the evidence is clearly inadmissible for any purpose." Id.

"Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." Id. (citation and emphasis omitted).

II. "ME TOO" EVIDENCE

In their first request, Defendants seek to exclude or limit "me too" evidence—evidence that other tenants were discriminated against by Defendants—as irrelevant, confusing, and a waste of time. (Doc. 65 at 2.) Specifically, Defendants request that the Court limit the witnesses allowed to testify about their experiences as former tenants of Jack Lanier. The witnesses at issue are:

    (1) Alicia Burnsed;

    (2) Kymberli Kessler;

    (3) Sade Love;

    (4) Angela Baier;

    (5) Nakita Smokes;

    (6) Kimberly Gay; and

    (7) Stacy Bacon.

(Doc. 65, Attach. 1 at 1-2.) In addition, Defendants request that the Court exclude or limit the admission of the following exhibits relating to the testimony of "me too" witnesses:

    (1) Plaintiffs' Proposed Exhibit 39—Nathanial "Jack" Lanier, Jr. Rental Property List;

(2) Plaintiffs' Proposed Exhibit 40—Gail Burnsed's Rental Agreement;

(3) Plaintiffs' Proposed Exhibit 41—Jamila Smokes' Rental Agreement; and

(4) Plaintiffs' Proposed Exhibit 42—Nakita Smokes' Rental Agreement.

(Doc. 65 at 4.)

In response, Plaintiffs argue that "me too" evidence is relevant and probative to the issues in this case for several reasons. (Doc. 69 at 2.) First, the evidence will "establish [D]efendants' intent to discriminate against [Plaintiff Hamilton]" and a lack of mistake. (Id. at 2.) Particularly, Plaintiffs argue that testimony of Jack Lanier's former tenants will show that Mr. Lanier intended to create a hostile environment based on sex and that his dementia did not affect his intention. (Id.) Additionally, Plaintiffs argue that testimony from "me too" witnesses will establish that Defendant Karen Lanier knew or should have known about Mr. Lanier's behavior. (Id.) Lastly, Plaintiffs contend that "me too" evidence supports Plaintiffs' claim that Defendants "engaged in a pattern and practice of discrimination." (Id. at 4.)

"Me too" evidence is admissible within the Eleventh Circuit. Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1285-87 (11th Cir. 2008); Demers v. Adams Homes of Nw. Fla., Inc., 321 F. App'x 847, 854 (11th Cir. 2009) ("We have approved the use of 'me too' evidence under F.R.E. 404 (b) in discrimination and retaliation

3

cases."). However, "me too" evidence will inevitably result in mini-trials, and this Court has the discretion under Federal Rule of Evidence 403 to cut off such evidence when it wastes time or confuses the jury. Chavis v. Clayton Cty. Sch. Dist., 147 F. App'x 865, 868 (11th Cir. 2005) (affirming district court's ruling excluding such testimony due to the risk that mini-trials would ensue and the resulting waste of time did not justify allowing the introduction of the evidence). Accordingly, the Court will allow Plaintiffs to introduce "me too" evidence and testimony, but will limit the amount of "me too" evidence at trial to avoid confusion of issues and waste of time. See Purdee v. Pilot Travel Cntrs., LLC, No. CV407-028, 2010 WL 11537542, at *2 (S.D. Ga. Jan. 11, 2020). Plaintiffs are advised to pick their best examples and use only those. At this time, the Court will **DEFER** ruling on specific pieces of "me too" evidence until the trial of this case.

## III. EXHIBITS CONTAINING ALLEGED HEARSAY

In their second request, Defendants seek to exclude ten of Plaintiffs' proposed exhibits because they contain inadmissible hearsay. (Doc. 65 at 4.) Plaintiffs' proposed exhibits that Defendants seek to exclude are:

(1) Exhibit 8—Starla Hamilton's Savannah-Chatham Fair Housing Council, Inc.'s ("SCFHC") Client Rights and Responsibilities Form;

(2) Exhibit 9—Starla Hamilton's SCFHC Intake Form;

    (3)    Exhibit 10—Michael Stephens' Memorandum regarding a phone call with Starla Hamilton on June 2, 2014;

    (4)    Exhibit 11—Michael Stephens' Memorandum regarding a phone call with Starla Hamilton on June 9, 2014;

    (5)    Exhibit 12—Michael Stephens' Memorandum regarding a phone call with Starla Hamilton on June 16, 2014;

    (6)    Exhibit 13—Starla Hamilton's SCFHC Release of Information Form;

    (7)    Exhibit 14—Starla Hamilton's Statement of SCFHC Representation;

    (8)    Exhibit 16—SCFHC Outreach Mailings;

    (9)    Exhibit 17—SCFHC Memorandum from Wayne Dawson to Michael Stephens regarding scheduling an interview with Starla Hamilton;

    (10)  Exhibit 36—SCFHC Internal Case Notes and Journal Entries.

(Id. at 4.)

These proposed exhibits primarily relate to the investigation conducted by Plaintiff SCFHC. Accordingly, Plaintiffs argue that each exhibit can be admitted under Federal Rule of Evidence 803(6). (Doc. 69 at 8.) In addition, Plaintiffs argue the exhibits will be admitted for non-hearsay purposes, such as why Plaintiff SCFHC initiated an investigation. (Id. at 9.)

    The Federal Rules of Evidence define "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Unless such evidence falls into one of the exceptions provided by rule, it is

inadmissible. Fed. R. Evid. 802. An exception to the hearsay rule exists for records of regularly conducted activity, if it was the regular practice of that business activity to make the record or report. Fed. R. Evid. 803(6).

Here, Defendants do not provide any support for their contention that Plaintiffs' exhibits are inadmissible hearsay. In light of Plaintiffs' indication that these exhibits will be offered for non-hearsay purposes or fall under the exception in Rule 803(6), the Court is unable to grant Defendants' request at this time. Although it appears that these exhibits would qualify as hearsay, without the context in which Plaintiffs offer this evidence at trial, the Court is unable to fully rule on which exhibits will be admissible. At this time, the Court will **DEFER** ruling on specific pieces of evidence until the trial of this case. If necessary, Defendants may renew their objection at trial.

SO ORDERED this 8th day of May 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA